UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAKIYA LANIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. |
| | ) |
| ASSURANT FIELD ASSET SERVICES, INC, | ) |
| U.S. BANK, N.A and | ) |
| RUSHMORE LOAN MANAGEMENT SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

## INTRODUCTION

1.      On February 14, 2012, Wells Fargo Bank, NA filed an action to foreclose on a mortgage from Plaintiff, Takiya Lanier, to MERS, as nominee for Wachovia Mortgage Corporation.  On or about January 25, 2014, the Defendant, U.S. Bank, N.A., as legal title trustee for Truman 2012 SC2 Title Trust ("U.S. Bank"), which did not have any legal right to do so, "foreclosed" on the Plaintiff's home with the help of its property preservation company, Defendant, Assurant Field Asset Services, Inc. ("AFAS"). AFAS, or an agent acting on AFAS's behalf, trespassed onto the property, forcibly broke into the house, changed the locks on the doors, rifled through and removed some of the Plaintiff's personal possessions that were in the house and on the property. After being reported to the New Haven Police Department and being informed that the bank had no right to enter the property, the Defendants broke into the home again on or about April 9, 2014. The Plaintiff arrived at her home to discover that AFAS, or an agent acting

on AFAS's behalf, had again trespassed onto the property, forcibly broke into the house and changed the locks on the doors. The Plaintiff again found that her possessions were missing and that others had been rifled through. The Plaintiff filed a second report with the New Haven Police Department and provided notice to the Defendants.

2. Ms. Lanier brings claims for: 1) violation of the Fair Debt Collection Practices Act; 2) violation of the Connecticut Fair Debt Collection Practices Act; 3) statutory conversion; 4) common law conversion; 5) negligence; 6) the negligent infliction of emotional distress; 5) invasion of privacy; 6) trespass and 7) wrongful eviction.

## PARTIES

3. The plaintiff, Takiya Lanier, resides at 855 Wintergreen Ave, Hamden, CT 06514.

4. The defendant, U.S. Bank, N.A., as legal title trustee for Truman 2012 SC2 Title Trust ("U.S. Bank") principal place of business as listed on the Certificate of Foreclosure dated November 18, 2014, as 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618.

5. The defendant Assurant Field Asset Services, Inc. ("AFAS") is in the business of recovering homes for banks as part of the foreclosure process. AFAS lists its principal place of business on its website as 101 West Louis Henna Boulevard, Suite 400, Austin, Texas 78728.

6. The defendant Rushmore Loan Management Services, LLC ("Rushmore") is in the business of servicing mortgage loans for banks. Rushmore lists its principal place of business on the Certificate of Foreclosure dated November 18, 2014, as 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331. This court also has jurisdiction pursuant to 28 U.S.C.S. §1332(a)(1) as there exists diversity of all parties and the amount in controversy exceeds $75,000.00. The Defendants do business in Connecticut and have sufficient contacts in Connecticut to warrant jurisdiction over them. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

8. The transactions and occurrences which give rise to this action occurred in Connecticut.

9. Venue is proper in the District of Connecticut.

## FACTUAL ALLEGATION COMMON TO ALL COUNTS

10. At some time prior to January 25, 2014, Wells Fargo Bank, N.A. began a foreclosure action against the Plaintiff on the property commonly known as 46A Chamberlain Street, New Haven, Connecticut.

11. At some time prior to January 25, 2014, U.S. Bank purchased a delinquent account owed by the Plaintiff and secured by a mortgage on the property commonly known as 46A Chamberlain Street, New Haven, Connecticut.

12. At some time prior to January 25, 2014, began servicing the loan for U.S. Bank.

13. Plaintiff and her child, age 2, continued to reside at the property commonly known as 46A Chamberlain Street, New Haven, Connecticut and stored all of her possessions there, including her clothes, furniture, mementos, effects, etc.

14. Plaintiff was never lawfully evicted.

15. Plaintiff did not agree to leave the premises voluntarily.

16. At some time prior to January 25, 2014, U.S. Bank and/or Rushmore without any lawful eviction order from any court, hired AFAS to constructively evict the Plaintiff from her premises by entering onto the premises and changing the locks.

17. On January 25, 2014, Plaintiff came home to find that, while she was at work, AFAS entered her home, took photos of the interior of her home and changed all the exterior locks.

18. Plaintiff could not sleep at the premises with the knowledge an unknown third party had unfettered access to the premises while her and her children slept there.

19. On January 27, 2014, Plaintiff's bankruptcy attorney was finally able to contact Rushmore and demand that the locks be changed back.

20. On January 31, 2014, AFAS finally changed the locks back.

21. On April 9, 2014, Plaintiff came home to find that, while she was at work, AFAS (i) entered her home, (ii) rifled through her possessions, (iii) removed money, gift cards, electronic equipment, clothing and numerous other items, (iv) left trash, including cigarette butts and empty cans, and (iv) once again changed all the exterior locks.

22. The Defendants had no legal right to enter onto the premises.

23. The Defendants had no legal right to confiscate or move Plaintiff's personal property.

24. The Defendants had no legal right to retain the Plaintiff's personal property after Plaintiff demanded the immediate return of that property.

25. When Plaintiff called AFAS and explained that the several personal items had been taken by its contractor, the Defendants failed and refused to return the Plaintiff's property upon her demand.

## COUNT I
### Fair Debt Collection Practices Act (Assurant Field Asset Services, Inc.)

26. Plaintiff incorporates the preceding allegations by reference.

27. At all relevant times AFAS – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. AFAS is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. AFAS's foregoing acts in attempting to collect an alleged debt against Ms. Lanier constitute violations of the FDCPA.

30. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II
### Connecticut Fair Debt Collection Practices Act (Field Asset Services, Inc.)

31. Plaintiff incorporates the preceding allegations by reference.

32. AFAS is a "consumer collection agency" as that term is defined in the Connecticut General Statutes ("CGS"), C.G.S. § 36a-800.

33. Plaintiff is a "consumer debtor" as that term is defined in C.G.S. § 36a-645.

34. AFAS's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the C.G.S. § 36a-648.

35. Plaintiff has suffered damages as a result of these violations of the CGS.

## COUNT III
**Fair Debt Collection Practices Act (Rushmore Loan Management Services, LLC)**

36. Plaintiff incorporates the preceding allegations by reference.

37. At all relevant times Rushmore – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

38. Rushmore is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

39. Rushmore 's foregoing acts in attempting to collect an alleged debt against Plaintiff constitute violations of the FDCPA.

40. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT IV
**Connecticut Fair Debt Collection Practices Act (Rushmore Loan Management Services, LLC)**

41. Plaintiff incorporates the preceding allegations by reference.

42. Rushmore is a "consumer collection agency" as that term is defined in the Connecticut General Statutes ("CGS"), C.G.S. § 36a-800.

43. Plaintiff is a "consumer debtor" as that term is defined in C.G.S. § 36a-645.

44. Rushmore's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the C.G.S. § 36a-648.

45. Plaintiff has suffered damages as a result of these violations of the CGS.

## COUNT V
**Statutory Conversion (all Defendants)**

46. Plaintiff incorporates the preceding allegations by reference.

47. The acts and omissions described herein constitute a willful or intentional conversion under CGS § 52-564 entitling Plaintiff to recover treble the value of the money or property converted.

## COUNT VI
## Common Law Conversion (all Defendants)

48. Plaintiff incorporates the preceding allegations by reference.

49. The acts and omissions described herein constitute a conversion at common law entitling Plaintiff to recover the value of the money or property converted.

## COUNT VII
## Negligence (all Defendants)

50. Plaintiff incorporates the preceding allegations by reference.

51. Defendants had a duty to refrain from repossessing, taking or otherwise converting the personal property of the Plaintiff without a valid court order of eviction.

52. Defendants had a further obligation to determine whether the property had been abandoned.

53. Defendants breached this duty.

54. Defendants' breach of duty is the cause of damages to the Plaintiff.

## COUNT VIII
## Negligent Infliction of Emotional Distress (all Defendants)

55. Plaintiff incorporates the preceding allegations by reference.

56. Each Defendant owed a duty to the Plaintiff to act in a reasonable and prudent manner during any foreclosure process and proceedings, which included the obligation to verify that it had a legal right or authority to enter onto the Plaintiff's property, break into her home, seize her property, change her locks, and remove personal possessions from the property.

57. Each Defendant, its respective agents, contractors, and/or employees were on constructive notice that they had no right or authority to enter onto the Plaintiff's property, break into her home, seize her property, change her locks, and remove personal possessions from the property.

58. Each Defendant, its respective agents, contractors and/or employees had a duty of reasonable care to investigate and correct any potential wrongful actions.

59. Each Defendant breached the duty they owed to the Plaintiff by entering into the Plaintiff's property, breaking into her home, seizing her property, and remove personal possessions from the property.

60. The Defendants also failed to remedy this breach after the gross misconduct was brought to their attention.

61. The Defendants' actions were taken with a gross disregard for the Plaintiff's rights and were so extreme so as to shock the conscience and cause the Plaintiff severe emotional distress and public humiliation.

62. The Plaintiff was injured as a direct and proximate result of the actions of the Defendants, their agents, contractors, and/or employees.

## COUNT IX
### Invasion of Privacy (all Defendants)

63. Plaintiff incorporates the preceding allegations by reference.

64. The Plaintiff, as the owner of the property, had a right to privacy in her property. The Plaintiff had the right to be free from unlawful intrusion onto her property and into her home and a right to be free from the unauthorized viewing, taking, seizure, and destruction of her personal property within her home and on her property.

65. The Defendants, and/or their respective agents, contractors, and/or employees, entered the Plaintiff's property and home without permission or authorization on multiple occasions during its "foreclosure" process and proceedings and viewed, took, and destroyed her personal property and possessions. The Defendants deprived the Plaintiff access to her own home by locking her out and rekeying the doors.

66. Each Defendant, its agents, contractors, and/or employees were subject to constructive notice that they had no right or authority to enter onto the Plaintiff's property, break into her home, seize her property and remove or dispose of her personal property and possessions in the home and surrounding property. The acts of each Defendant, its agents, contractors, and/or employees were an unreasonable, substantial, and serious interference with the Plaintiff's privacy.

67. The actions of each Defendant, its agents, contractors, and/or employees were done intentionally and/or with gross disregard for the Plaintiff's rights, and therefore constituted an invasion of her right to privacy.

68. The Plaintiff was injured as a direct and proximate result of the acts and omissions of each Defendant, its agents, contractors, and/or employees.

## COUNT X
### Trespass (all Defendants)

69. Each Defendant, its agents, contractors and/or employees entered the Plaintiff's property without permission or authorization on multiple occasions during its "foreclosure" process and proceedings.

70. Each Defendant, its agents, contractors, and/or employees were on notice that they had no right or authority to enter onto the Plaintiff's property, break into her home, seize her property, and remove her personal possessions from the home and the surrounding property.

71. The actions of the Defendant's agents, contractors and/or employees were done intentionally and/or with gross disregard for the Plaintiff's rights.

72. The Plaintiff was injured as a direct and proximate result of the actions of the Defendant's agents, contractors and/or employees.

## COUNT XI
### Wrongful Eviction (all Defendants)

73. Each Defendant, its agents, contractors and/or employees had a duty to refrain from entering onto the Plaintiff's property, breaking into her home, seizing her property, changing her locks, and removing her personal possessions from the home and the surrounding property without a valid court order of eviction.

74. The actions of the Defendant's agents, contractors and/or employees were done intentionally and/or with gross disregard for the Plaintiff's rights.

75. The Plaintiff was injured as a direct and proximate result of the actions of the Defendant's agents, contractors and/or employees.

### Demand for Jury Trial

76. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Ms. Lanier requests that the Court:*

a. *Assume jurisdiction over all claims.*

b. *Award actual damages in the amount of $2,000.00.*

c. *Award statutory damages in the amount of $1,000.00 per Defendant.*

d. *Award treble damages in the amount of $6,000.00.*

e. *Compensatory damages due to the Defendants' fraudulent and guilty negligent actions.*

f. *Punitive damages due to the Defendants' fraudulent and guilty negligent actions.*

g. *Award statutory costs and attorney fees.*

h. *Pre-and post-judgment interest on any award.*


Respectfully Submitted,

DOLAN & LUZZI, LLC

By:  s/ Michael Dolan
Michael Dolan (ct18220)
Attorney for Takiya Lanier
1337 Dixwell Avenue
Hamden, CT 06514
Phone: (203) 230-1678
Email: mdolan@dolanluzzilaw.com

Dated: April 8, 2015